Judgment rendered May 26, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,795-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

\* \* \* \* \*

STATE OF LOUISIANA                              Appellee

versus

JERRY JACKSON                              Appellant

\* \* \* \* \*

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 342,447

Honorable John D. Mosely, Jr., Judge

\* \* \* \* \*

LOUISIANA APPELLATE PROJECT                Counsel for Appellant
By: Peggy J. Sullivan


JERRY JACKSON                              Pro Se


JAMES E. STEWART, SR.                      Counsel for Appellee
District Attorney


TOMMY J. JOHNSON
TRENEISHA HILL
JASON WALTMAN
Assistant District Attorneys

\* \* \* \* \*

Before PITMAN, COX, and ROBINSON, JJ.

**PITMAN, J.**

A nonunanimous jury convicted Defendant Jerry Jackson of one count of manslaughter and one count of second degree murder. The trial court sentenced him to 40 years at hard labor, to run consecutively to any other sentences, for the manslaughter conviction and to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, for the second degree murder conviction. Defendant appeals his convictions and sentences. Pursuant to *Ramos v. Louisiana*, --- U.S ---, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), we vacate Defendant's convictions and sentences and remand to the trial court for a new trial.

## FACTS

On September 23, 2016, the state filed an indictment charging Defendant with two counts of second degree murder, in violation of La. R.S. 14:30.1. It alleged that on July 20, 2016, Defendant committed the second degree murders of Kendrick Brown and Michael Dillard.

The jury trial began on June 10, 2019. On June 15, 2019, the jury found Defendant guilty of the responsive verdict of manslaughter for the death of Kendrick Brown. For the death of Michael Dillard, the jury found Defendant guilty as charged of second degree murder. The jury was polled on each count. The trial court reviewed the written jury polling slips and declared that the verdict was legal as to each count.

At a hearing on July 17, 2019, the trial court denied Defendant's motions for new trial and for post-verdict judgment of acquittal. It sentenced Defendant to 40 years at hard labor, to run consecutively to any other sentences, for the manslaughter conviction and to life imprisonment at

hard labor, without benefit of parole, probation or suspension of sentence, for the second degree murder conviction.

On January 22, 2020, Defendant filed a motion to reconsider sentence, which was denied by the trial court. He also filed a motion to appeal his convictions and sentences.

## DISCUSSION

On October 12, 2020, Defendant filed an appellate brief and included as an assignment of error that the record did not support a conclusion that he was convicted by a unanimous jury, as required by *Ramos*, *supra*. He noted that at the time of the verdicts, a vote of 10 out of 12 jurors was sufficient to convict and that the trial court instructed the jury as such. He added that although the trial court determined the verdict was legal, it did not state whether the jury reached a unanimous verdict. Accordingly, Defendant argued that his convictions should be set aside and the case be remanded for a new trial.

On October 22, 2020, the state filed a motion to supplement the record with the written jury polling slips. On November 24, 2020, this court granted the motion and ordered the trial court to supplement the record with duplicate certified copies of the written jury polling slips for each count. The record was supplemented on December 7, 2020.

On December 14, 2020, the state filed a brief stating that its review of the written jury polling slips revealed a less than unanimous jury verdict as to each count. Citing *Ramos*, *supra*, it agreed that Defendant's convictions and sentences should be reversed and the case remanded to the trial court.

In *Ramos*, *supra*, the United States Supreme Court held that the Sixth Amendment's right to a jury trial, as incorporated against the States under

2

the Fourteenth Amendment, requires a unanimous jury verdict to convict a defendant of a serious offense in both federal and state courts. As a result, the state will have to retry any defendant convicted of serious offenses by nonunanimous juries and whose cases are still pending on direct appeal. *State v. Corn*, 52,867 (La. App. 2 Cir. 7/8/20), 299 So. 3d 749, *writ denied*, 20-00928 (La. 11/10/20), 303 So. 3d 1040. The instant case was pending on direct review when *Ramos*, *supra*, was decided; and, therefore, its holding applies. *State v. Cohen*, 19-00949 (La. 1/27/21), --- So. 3d ---, *citing Griffith v. Kentucky*, 479 U.S. 314, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987). Despite the fact that the issue was not preserved for appellate review by contemporaneous objection, we recognize this as error patent on the face of the record. *State v. Corn*, *supra*.

A review of the written jury polling slips indicates that the verdict on each count was less than unanimous, i.e., votes of ten to two on both counts. Therefore, Defendant is entitled to a new trial.

## CONCLUSION

For the foregoing reasons, we vacate the convictions and sentences of Defendant Jerry Jackson and remand to the trial court for a new trial.

**REVERSED AND REMANDED.**

3